UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PATRICK K. SCARBOROUGH,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERPRISE PRODUCTS COMPANY,<br><br>Defendant. | Civil Action No.: 3:25-cv-661<br><br>**COMPLAINT**<br>Jury Trial Demanded |

Plaintiff Patrick Scarborough ("Plaintiff" or "Mr. Scarborough"), by and through his undersigned counsel, complaining of defendant Enterprise Products Company ("Enterprise" or "Defendant") alleges and says as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.

2. After working for Defendant for over a decade, Plaintiff had a stellar performance record and was held in high regard by his work colleagues. Indeed, in the month before his termination, Plaintiff received an exemplary performance review, a raise, and a bonus of $9,400 and 1100 shares of Enterprise stock. Despite this, on or about May 25, 2023 – just prior to when certain shares of stock that Plaintiff had been granted would have vested and mere months from Plaintiff becoming eligible for retirement benefits – Defendant summarily terminated Plaintiff's employment. The only reason Defendant gave for Plaintiff's termination was that he was "no longer a good fit for the Company." After his termination, upon information and belief, Plaintiff's

1

duties were assumed by a number of other Enterprise employees, all of whom were under the age of 40.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the ADEA. This court has supplemental jurisdiction over any related claims that may arise under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the district under 28 U.S.C. § 1391(b)(2) because Plaintiff resides and performed work for Defendant in this district and division, and a substantial part of the events giving rise to the claim occurred in this district.

## CONDITIONS PRECEDENT

5. On November 20, 2023, Plaintiff timely filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On June 4, 2025, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in the Court under the ADEA.

## PARTIES

7. Plaintiff is a 59 year old man who resides in Charlotte, North Carolina. Plaintiff is a citizen of North Carolina.

8. Enterprise is a Texas corporation with its principal place of business in Houston, Texas. Upon information and belief, Defendant is the largest midstream oil and gas company in United States. Defendant owns and operates oil refineries and over 50,000 linear miles of pipe and product.

## FACTS

9. Mr. Scarborough's working relationship with Enterprise began in 2012. At that

time, Mr. Scarborough was retained by Access Land & Title Services, Inc. ("ALTS") as a Senior Land Representative. Although ALTS categorized Plaintiff as an independent contractor, ALTS directed him to report to Enterprise and perform whatever work that Enterprise directed him to do.

10. For the next 9 years, Mr. Scarborough reported to and worked for Enterprise, which entity maintained and exercised authority to control all aspects of Plaintiff's work. Although Plaintiff regularly worked for Defendant between 55 and 60 hours per week, Plaintiff – who was given a badge to wear that identified him as an Enterprise Senior Land Representative – was paid a flat amount for each day worked (a "day rate") without overtime or benefits, which amount was substantially less than the salary and benefits that Defendant paid its employee Senior Land Representatives who performed the same work. In practice, Defendant would pay a certain amount to ALTS for Plaintiff's work, and ALTS would then pay a lesser day rate to Plaintiff.

11. As directed by Enterprise, during the time he worked for the Company, Mr. Scarborough was required to travel almost daily throughout the four-state area – North Carolina, South Carolina, Georgia, and Alabama - comprising Enterprise's Dixie Central and Dixie Eastern District Pipeline Regions. Because Mr. Scarborough drove his own vehicle, Enterprise compensated Mr. Scarborough for his miles, and it allowed Mr. Scarborough up to $25.00 per day for meals. If more than $25.00 was spent on meals for a day, that had to be verified by a written receipt. Otherwise, Mr. Scarborough would just report the amount of mileage driven and the amount spent on food on his daily timecards. Enterprise then reviewed and – in Mr. Scarborough's case – expressly approved each submission for payment.

12. After long promising Mr. Scarborough that it would eventually hire him as an employee, Enterprise finally hired Mr. Scarborough as a Senior Land Representative employee in or around June 2021. This resulted in a substantial increase to Plaintiff's compensation and, for

3

the first time, provided him with benefits. Notably, when Enterprise hired Mr. Scarborough as an employee, there were no changes to either his title or work duties.

13. Mr. Scarborough's direct supervisor at Enterprise from 2012 until approximately February/March 2023 was Jerry Ricci ("Ricci"), upon information and belief, then a Senior Land Supervisor. Ricci oversaw and authorized all aspects of Mr. Scarborough's work – including payments for the mileage he drove and the meal reimbursements he received.

14. In or around the spring of 2022, Ricci's supervisor, Paul Lair – who was in his 60s – retired from Enterprise. Although, upon information and belief, Ricci sought Lair's former position, Enterprise passed him over and instead hired John Sanchez ("Sanchez") to take Lair's position. Upon information and belief, Sanchez was in his late 30s/early 40s at the time he was hired to take Lair's job and had less experience and less seniority at Enterprise than Ricci.

15. During this time, Ricci told Plaintiff on multiple occasions that it appeared Enterprise was trying to push out older workers in favor of younger employees.

16. Plaintiff unquestionably had an excellent performance record during the time he worked for Enterprise. In addition to the reviews Plaintiff received after he became an employee, Enterprise also gave Plaintiff annual reviews during the time he was categorized as an independent contractor. Not only were Plaintiff's reviews extremely positive, at no point was Plaintiff told that there were any problems with his work, and he was never subjected to any disciplinary or corrective action during his time with Enterprise. Indeed, Ricci described Plaintiff as the best employee he ever had.

17. Mr. Scarborough also brought substantial additional value to the Company through his extensive contacts with various federal, state, and local authorities, including the Department of Transportation, the Department of Environment and Natural Resources, the Army Corps of

Engineers, and the U.S. Forest Service. In addition to his own duties, Mr. Scarborough regularly fielded calls from other Enterprise employees asking him to interface with these agencies on their behalf to address issues and eliminate delays, which Mr. Scarborough did.

18. Mr. Scarborough's stellar performance is further evidenced by the fact that he received an exemplary performance review one month before his termination, and was rewarded with not only a raise, but also a bonus of $9,400 (which was the largest bonus he had ever received), and 1100 shares of stock in the Company in addition to his other benefits.

19. Ricci, who was then in his 60s, "retired" from Enterprise in or about April 2023. After Ricci left, not only was Mr. Scarborough a candidate to take his supervisor position, Ricci expressly recommended Mr. Scarborough for the job. Instead of promoting Mr. Scarborough, however, Enterprise instead promoted Alex Lopez ("Lopez") to Ricci's position. Upon information and belief, not only was Lopez significantly younger than Plaintiff – upon information and belief, under the age of 40 - he had less education, less experience, and less actual time at Enterprise than did Mr. Scarborough.

20. On or about May 25, 2023 – just prior to when certain shares of stock that Plaintiff had been granted would have vested and mere months prior to him becoming eligible for retirement benefits from Defendant – Enterprise's Liz Neidlinger ("Neidlinger") summarily terminated Mr. Scarborough's employment. The only thing Neidlinger told Mr. Scarborough when he was terminated was that he was "no longer a good fit" for Enterprise, and that "today [was his] last day." Since his termination, upon information and belief, Mr. Scarborough's duties have now been assumed by an employee or employees under the age of 40.

## COUNT ONE
### Discriminatory Hiring Based on Age in Violation of the ADEA

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

22. Plaintiff was 57 years old and qualified for the position when he applied for Ricci's supervisor job. Indeed, Ricci recommended Plaintiff for the job.

23. Instead of promoting Plaintiff, Defendant promoted a significantly younger employee under the age of 40 to take Ricci's position.

24. Upon information and belief, the employee promoted over Plaintiff had less education, less experience, and less seniority at Enterprise than Plaintiff.

25. Plaintiff suffered damages because of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

26. Defendant willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

## COUNT TWO
### Discriminatory Termination Based on Age in Violation of the ADEA

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Plaintiff was 57 years old and qualified for his position when Defendant fired him.

29. Prior to Plaintiff's termination, as referenced above, Defendant had begun treating similarly situated or less qualified younger employees more favorably than older employees.

30. After Plaintiff was summarily terminated without cause, upon information and belief, Defendant replaced him with an employee or employees significantly younger (upon information and belief, under the age of 40) than Plaintiff with less experience and less seniority at Enterprise.

31. Plaintiff suffered damages because of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

32. Defendant willfully violated Plaintiff's rights under the ADEA and, as a result, is liable for liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court for judgment as follows:

1. That he be awarded damages for his past and future loss of wages and benefits, plus interest;

2. That he be awarded front pay;

3. That he be awarded liquidated damages incurred with this action as allowed by statute;

4. That he be awarded his costs and reasonable attorneys' fees incurred in connection with this action; and

5. That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: September 2, 2025.

**STRIANESE HUCKERT, LLP**

*/S/*    T. Jonathan Adams
_____

T. Jonathan Adams
N.C. Bar No. 21890
2333 Randolph Road
Suite 100
Charlotte, North Carolina  28207
(704) 966-2106
Jadams@strilaw.com
*Counsel for Plaintiff*